IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY MELVIN ELLIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0356-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Terry Melvin Ellis, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 2005, petitioner pled guilty to evading arrest with a motor vehicle. Punishment, enhanced by a prior felony conviction, was assessed at six years confinement. No appeal was taken. Instead, petitioner challenged his conviction and sentence in two applications for state post-conviction relief. The first application was denied without written order on the findings of the trial court. *Ex parte Ellis*, WR-32,872-02 (Tex. Crim. App. Mar. 29, 2006). The second application was dismissed for abuse of the writ. *Ex parte Ellis*, WR-32,872-03 (Tex. Crim. App. Oct. 14, 2009). A prior federal writ of habeas corpus was dismissed without prejudice for want of prosecution. *Ellis v. Quarterman*, No. 3-06-CV-1043-D (N.D. Tex. Nov. 20, 2007).

II.

Petitioner now seeks federal habeas relief on two grounds:  (1) he received ineffective assistance of counsel; and (2) the Texas Court of Criminal Appeals failed to properly consider his state writ.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations.  Petitioner was invited to address the limitations issue in a written reply, but failed to do so.  The court now determines that this case should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996).  The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  *Id.* § 2244(d)(2).  The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

## B.

Petitioner was sentenced to six years in prison for evading arrest with a motor vehicle. Judgment was entered on June 7, 2005, and no appeal was taken.  Therefore, petitioner's conviction became final 30 days thereafter on July 7, 2005.  *See* TEX. R. APP. P. 26.2(a)(1).  Petitioner filed two applications for state post-conviction relief.  The first application was filed on January 30, 2006 and denied on March 29, 2006.  The second application was filed on September 4, 2009 and denied on October 14, 2009.  Petitioner filed this action in federal court on February 15, 2010.

The AEDPA statute of limitations started to run on July 7, 2005, when petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  The limitations period was tolled from January 30, 2006 to March 29, 2006--a total of 59 days--while a properly filed application for state post-conviction relief was pending.[1]  Even allowing for this tolling period, petitioner still waited more than *four years* before seeking habeas relief in federal court.  No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate.  Consequently, petitioner's ineffective assistance of counsel claim, and any claim challenging the disposition of his first state writ, should be dismissed.

---

[1] Petitioner is not entitled to statutory tolling with respect to his second state writ because it was filed more than one year after his conviction became final.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001).  Nor is petitioner entitled to statutory tolling while his prior federal writ was pending.  *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (federal habeas petition is not an "application for State post-conviction or other collateral review" sufficient to toll limitations period under 28 U.S.C. § 2244(d)(2)).

C.

To the extent petitioner argues that Texas Court of Criminal Appeals failed to properly consider his second state writ, which was dismissed on October 14, 2009, that claim is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. His ineffective assistance of counsel claim, and any claim arising out of the first state habeas proceeding, should be dismissed on limitations grounds. Petitioner's claim that the Texas Court of Criminal Appeals failed to properly consider his second state writ should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,
79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  June 7, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE